UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Joaquin CASTRO-Peralta,<br><br>　　　　　　　　Defendant. | Case No.:　21MJ8914<br><br>COMPLAINT FOR VIOLATION OF<br><br>18 U.S.C. § 545<br>Smuggling Goods Into the United States<br>(Felony) |

The undersigned complainant being duly sworn states:

On or about November 9, 2021, within the Southern District of California, defendant, Joaquin CASTRO-Peralta, did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle and clandestinely introduce into the United States, merchandise, which should have been invoiced, to wit: Mexican pesticides, that is, eighteen 1-liter bottles of "Taktic," in violation of Title 18, United States Code, Section 545.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

*Brett A. Crooks*, Special Agent
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on November 15, 2021.

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

2

United States of America
v.
Joaquin CASTRO Peralta

## STATEMENT OF FACTS

I, Special Agent Brett Crooks, declare under penalty of perjury, the following is true and correct:

At approximately 1:13 p.m. on November 9, 2021, Joaquin CASTRO Peralta entered the United States at the Calexico East Port of Entry as the driver of a black Lincoln bearing California license plates. The Customs and Border Protection (CBP) Officer asked CASTRO if he had anything to declare, and CASTRO responded that he did not. The CBP Officer noticed that CASTRO's hand was shaking as he handed the Officer his documents to review. The CBP Officer then referred the vehicle to Secondary for further inspection. In the Secondary inspection area, the CBP Officer asked CASTRO what he was bringing from Mexico, and CASTRO responded that he was bringing shampoo. The CBP Officer then inspected the vehicle and located a total of eighteen 1-liter bottles of the Mexican pesticide "Taktic" hidden beneath a towel in the vehicle's center console, underneath clothing in a gym bag on the vehicle's passenger seat, and in plastic bags on the passenger side floor board.

After being advised of his Constitutional rights and waiving his rights in writing, CASTRO stated that he was bringing the pesticides into the United States for a friend of his in Mexico. CASTRO stated that he was to deliver the pesticides to a

relative of this friend in the United States, and that he was to be paid $50 USD to deliver the pesticides.

According to the label, "Taktic" contains the active ingredient amitraz at an emulsifiable concentration of 12.5%. U.S. Environmental Protection Agency (EPA) special agents advised that in the United States, amitraz in this form is a cancelled and unregistered pesticide. In the United States, an emulsifiable concentrate product by the name Taktic with 12.5% active ingredient amitraz was approved for use as an insecticide and miticide in 1986 and cancelled in 2014. Similarly, the last ready-to-use product of amitraz was cancelled in 2019. Amitraz was primarily used for flies and mites on cotton and pear crops; livestock ticks, lice, and mange mites on beef and dairy cattle and swine; ticks on dogs; and parasitic mites on honeybees. In humans, amitraz poses oral and inhalation risks, as well as a possible cancer and neurotoxicity risks.

Federal law prohibits the distribution and sale of canceled or unregistered pesticides. 7 U.S.C. §136j(a)(1)(A). Only pesticides registered with the EPA may be imported or sold in the United States. 7 U.S.C. §136o(c). All pesticides intended for use in the United States must bear their EPA registration number on their labels, preceded by the phrase "EPA Registration No." or "EPA Reg. No." 40 C.F.R. §156.10(e). In addition, all required information on a label must appear in the English language. 40 C.F.R. §156.10(a)(3). The containers of pesticide found

with CASTRO were labeled only in Spanish and bore no EPA registration numbers.

The lawful importation of pesticides into the United States requires a Notice of Arrival to be provided to U.S. Customs, pursuant to 19 C.F.R. §12.112. CASTRO provided no such Notice of Arrival for the pesticides in this case.

On November 9, 2021, agents gave CASTRO a Notice to Appear, requiring him to appear in El Centro, California, before the duty magistrate at 8:00 a.m. on November 16, 2021, to answer to these charges.